1   JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
3   NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney
4
5       450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
6       Telephone: (415) 436-7155
Facsimile: (415) 436-6927
7       E-mail: neill.tseng@usdoj.gov

8   Attorneys for Defendant ED SCHAFER

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12  AMAHRA HICKS,                   )       No. C 07-0112 MMC
                                    )
13              Plaintiff,          )       No. C 08-4960 MMC
                                    )
14       v.                         )       **STIPULATION AND AGREEMENT**
                                    )       **FOR COMPROMISE SETTLEMENT;**
15  ED SCHAFER, Secretary, U.S. Department )  [PROPOSED] ORDER
    of Agriculture,                 )
16                  Defendant.      )
    _____ )

17         IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Amahra Hicks

18  ("Plaintiff"), her attorneys, and defendant Ed Schafer, Secretary, U.S. Department of Agriculture

19  ("Defendant"), by and through themselves and their undersigned counsel and representatives, as

20  follows:

21         1.      The parties do hereby agree to settle, compromise and dismiss the above-

22  captioned actions ("These Actions") under the terms and conditions set forth herein.

23         2.      Defendant shall pay to Plaintiff the sum of $43,000.00 (Forty-Three Thousand

24  Dollars and Zero Cents) under the terms and conditions set forth herein.  This amount is in

25  exchange for Plaintiff's releasing and dismissing any and all claims for compensatory and special

26  damages, back pay, front pay, interest, attorneys' fees, costs, restitution or any other form of legal

27  or equitable recovery relating in any way to her employment with the U.S. Department of

28
    STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT; [PROPOSED] ORDER
    No. C 07-0112 MMC; No. C 08-4960 MMC              1

1   Agriculture.  Plaintiff and her heirs, executors, administrators, assigns and attorneys hereby agree

2   to accept such sum in full and final settlement and satisfaction of the claims raised in These

3   Actions under the terms and conditions set forth herein.   The parties understand that this amount

4   includes full satisfaction of all claims for attorneys' fees and costs arising from work performed

5   by Plaintiff's counsel at all stages of this litigation, including but not limited to the processing of

6   Plaintiff's administrative and district court complaints in connection with These Actions.

7          3.       It is agreed by and among the parties that the settlement sum set forth in

8   Paragraph One shall be made payable to Amahra Hicks and Marianne E. Malveaux.

9          4.       It is agreed by and among the parties that neither Plaintiff nor any of her attorneys

10   may make any additional claim for attorneys fees or other costs against Defendant, the U.S.

11   Department of Agriculture, the United States, or their agents, servants or employees.

12         5.       Plaintiff will accept the terms set forth herein in full settlement and satisfaction of

13   any and all claims and demands which she, her successors or assignees may now have or

14   hereafter acquire against Defendant, the U.S. Department of Agriculture, the United States, or

15   any of their past and present officials, agents, employees, attorneys, or insurers, on account of the

16   events described in Plaintiff's pleadings in this action, or as a result of any other action or

17   conduct by Defendant, the U.S. Department of Agriculture, the United States, or any of their past

18   and present officials, agents, employees, attorneys, or insurers that occurred prior to the

19   execution of this Agreement.

20         6.       In consideration of this Agreement and the payment referred to in Paragraph Two

21   above, Plaintiff agrees that immediately upon execution of this agreement, she will execute a

22   Stipulation of Dismissal, which shall dismiss with prejudice all claims asserted in These Actions

23   or any claims that could have been asserted in These Actions, which are captioned *Amahra Hicks*

24   *v. Ed Schafer, Secretary, U.S. Dep't of Agriculture*, C 07-0112 MMC; and *Amahra Hicks v. Ed*

25   *Schafer, Secretary, U.S. Dep't of Agriculture*, C 08-4960 MMC.  The fully-executed Stipulation

26   of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt

27   by Plaintiff's counsel of the settlement amount.

28

STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT; [PROPOSED] ORDER
No. C 07-0112 MMC; No. C 08-4960 MMC          2

7.    Plaintiff hereby releases and forever discharges Defendant, the U.S. Department of Agriculture, the United States, and any and all of their past and present officials, agents, employees, attorneys, insurers, and their successors and assigns from any and all obligations, damages, liabilities, actions, causes of actions, suits, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, which she now owns or holds or has at any time owned or held against Defendant, the U.S. Department of Agriculture, or the United States, including but not limited to those sounding in or arising under contract, tort, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, the Age Discrimination in Employment Act, the Federal Tort Claims Act, or any other charge or complaint filed now or later by Plaintiff arising out of or in any way connected with any loss, damages, or injury, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of Defendant, the U.S. Department of Agriculture, or the United States committed or omitted prior to the date this Agreement is executed.

8.    The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of Defendant, or Defendant's agents, servants, or employees, for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

9.    The parties agree that this Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Agreement.

STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT; [PROPOSED] ORDER
No. C 07-0112 MMC; No. C 08-4960 MMC            3

10.     The parties agree that this is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of Defendant, the U.S. Department of Agriculture, the United States, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in These Actions.  This Agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and attaining peace.

11.     If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum set forth in Paragraph Two, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof.  The determination of Plaintiff's tax liability, if any, is a matter solely between Plaintiff, her attorneys, the IRS, and/or state and local tax authorities.  Plaintiff will indemnify and hold Defendant, the U.S. Department of Agriculture, and the United States harmless from any liability they may incur from any government agency arising out of any failure by Plaintiff to pay for any liability she might incur from any government agency.

12.     Plaintiff has been informed and agrees that payment may take 30 to 60 days to process, but Defendant agrees to make good faith efforts to expeditiously process said payment.

13.     The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.  The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind this Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce this Agreement in district court.

14.     Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of this Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of this Agreement and the legal consequences thereof.  It is acknowledged that the parties hereto have, through their respective counsel, mutually

1  participated in the preparation of this Agreement, and it is agreed that no provision hereof shall

2  be construed against any party hereto by virtue of the activities of that party or its attorney(s).

3       15.    If any provision of this Agreement shall be invalid, illegal, or unenforceable, the

4  validity, legality, and enforceability of the remaining provisions shall not in any way be affected

5  or impaired thereby.

6       16.    This instrument shall constitute the entire Agreement between the parties, and it

7  is expressly understood and agreed that this Agreement has been freely and voluntarily entered

8  into by the parties hereto with the advice of counsel, who have explained the legal effect of this

9  Agreement.  The parties further acknowledge that no warranties or representations have been

10  made on any subject other than as set forth in this Agreement.  This Agreement may not be

11  altered, modified or otherwise changed in any respect except by writing, duly executed by all of

12  the parties or their authorized representatives.

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT; [PROPOSED] ORDER
No. C 07-0112 MMC; No. C 08-4960 MMC     5

1

2  DATED: December 22, 2008

3  AMAHRA HICKS
   Plaintiff

4

5  DATED: December 22, 2008

6  LEWIS N. NELSON
   Attorney for Plaintiff

7

8  DATED: December 23, 2008

9  MARIANNE E. MALVEAUX
   Attorney for Plaintiff

10

11  JOSEPH P. RUSSONIELLO
    United States Attorney

12

13  DATED: January 8, 2009

    NEILL T. TSENG
14  Assistant United States Attorney
    Attorneys for Defendant

15

16  DATED: January 5, 2009

17  BETH PENDLETON
    Deputy Regional Forester, U.S. Forest
18  Service, U.S. Dep't of Agriculture

19

    **PURSUANT TO STIPULATION, IT IS SO ORDERED:**
20

21

22

23

    DATED:   January 12, 2009
24
    HON. MAXINE M. CHESNEY
25  United States District Judge

26

27

28

STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT; [PROPOSED] ORDER
No. C 07-0112 MMC; No. C 08-4960 MMC          6